## HERDSMAN and others *v.* LEWIS and others.

*(Circuit Court, E. D. New York.* January 30, 1882.)

1. EQUITY—ISSUES OF FACT.

Neither party to a suit in equity brought in a federal court has an absolute right to have a question of fact arising in the cause passed on by a jury.

On a Motion to Award Feigned Issues.

*H. P. Herdsman,* for complainants.

*Blatchford, Seward* and *Griswold & De Costa,* for defendants.

BENEDICT, D. J. This is a motion in an equity cause for the trial before a jury upon feigned issues of certain questions of fact raised by the pleadings. It appears by the papers that no testimony whatever has yet been taken in the cause, and that the decision may turn upon the question of fact, whether certain instruments described in the bill, and against which the plaintiffs seek relief, were procured by fraud and duress. While it is not doubted that a court of the United States, sitting in equity, may in a proper case direct questions of fact arising in an equity cause to be passed on by a jury, neither party has an absolute right to such a trial. Whether a jury trial be in any case necessary or desirable depends upon the facts of the case. In this case I see no necessity at this time for such a proceeding. Feigned issues are awarded, it is said, "in order to relieve and ease the conscience of the court," but here the necessity of such relief does not as yet appear. The surmise that the testimony, when taken before

an examiner, will prove conflicting and uncertain, affords no foundation for present action by the court.

Another of the reasons assigned for granting feigned issues, viz., because "the court is so sensible of the deficiency of trial by written evidence," (2 Daniell, Ch. Pr. 631,) also fails in this case, for it is quite apparent that on a jury trial the testimony would be for the most part in writing, owing to the circumstance that the transaction in question occurred in Texas.

For these reasons the motion to award feigned issues in the case at this time is denied.